NO. 07-02-0331-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 15, 2002

_____

IN THE MATTER OF JULIO POSADAS, A CHILD

_____

FROM THE JUVENILE COURT OF HOCKLEY COUNTY;

NO. 916; HONORABLE LARRY SPROWLS, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

ON ABATEMENT AND REMAND

Upon his plea of true, Julio Posadas, the juvenile respondent in the above matter, on June 25, 2002, was adjudged as having engaged in delinquent conduct within the meaning of section 51.03 of the Texas Family Code. As a result of the adjudication hearing conducted on the same date, he was placed on probation under the supervision

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).

of the Hockley County Probation Department under the terms and conditions set out in his adjudication order.

The respondent gave timely notice of his desire to appeal the portion of his adjudication order that required him to attend the Hockley County Juvenile Boot Camp for a period of 30 days and permission to appeal that provision was given by the trial court on July 18, 2002. We received the clerk's record of these proceedings on August 27, 2002, but since that time nothing further has been done to prosecute the appeal. On October 21, 2002, we notified the attorney representing the juvenile respondent that if a satisfactory reply concerning the status of the appeal was not received by November 1, 2002, the appeal would be abated to the trial court. We have received no such reply.

We must, therefore, abate this appeal and remand the matter to the Juvenile Court of Hockley County. Upon remand, the judge of that court shall immediately cause notice to be given of and conduct a hearing to determine:

1.  Whether the juvenile and his attorney have abandoned his appeal.

2.  If the appeal has not been abandoned, the trial court shall determine if the juvenile is indigent and if so, whether the appointment of an attorney is necessary;

3.  If it is determined that an attorney should be appointed, the name, address and State Bar of Texas identification number of the attorney appointed;

4.  If the juvenile is not indigent, whether he has failed to make the necessary arrangements for prosecuting the appeal, and if he has not done so, what orders are necessary to ensure those arrangements are made;

5.  If other orders are necessary to ensure the diligent and proper pursuit of the appeal.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record.  The hearing proceedings shall be transcribed and included in a supplemental reporter's record.  Those supplemental records shall be submitted to the clerk of this court no later than December 16, 2002.

It is so ordered.

Per Curiam

Do not publish.

3